**STATE OF NORTH CAROLINA**

File No. 05-CVS-11118

MECKLENBURG County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of | |
| Address | **CIVIL SUMMONS** |
| c/o Harold C. Spears, Esq., CAUDLE & SPEARS, P.A. | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | G.S. 1A-1, Rules 3, 4 |
| 121 W. Trade St., Ste 2600, Charlotte, NC | |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| CHRISTIE ROESKE, R.N.P.<br>c/o James P. Cooney, III, Esq.<br>Womble Carlyle Sandridge & Rice<br>One Wachovia Center<br>301 South College Street<br>Charlotte, NC 28202 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☒ AM ☐ PM |
|---|---|---|---|
| Harold C. Spears, Esq., Caudle & Spears, P.A.<br>2600 Interstate Tower, 121 West Trade Street<br>Charlotte, NC 28202 | | Signature | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts          (Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. 05-CVS-1118

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of

**Address**
c/o Harold C. Spears, Esq., CAUDLE & SPEARS, P.A.

**City, State, Zip**
121 W. Trade St, Ste 2600, Charlotte, NC

VERSUS

**Name Of Defendant(s)**
JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
THE JEMSEK CLINIC, P.A.
c/o James P. Cooney, III, Esq.
Womble Carlyle Sandridge & Rice
One Wachovia Center
301 South College Street
Charlotte, NC 28202

**Name And Address Of Defendant 2**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above. You are also hereby served with the attached Requests for Admissions, Interrogatories and Requests for Producti[on]. If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Harold C. Spears, Esq., Caudle & Spears, P.A.
2600 Interstate Tower, 121 West Trade Street
Charlotte, NC 28202

Date Issued   Time   ☐ AM ☐ PM
Signature
☐ Deputy CSC   ☐ Assistant CSC   ☒ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement   Time   ☐ AM ☐ PM
Signature
☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts               (Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 05-CVS-_____ |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of | |
| **Address** | |
| c/o Harold C. Spears, Esq., CAUDLE & SPEARS, P.A. | **CIVIL SUMMONS** |
| **City, State, Zip** | ☐ ALIAS AND PLURIES SUMMONS |
| 121 W. Trade St, Ste 2600, Charlotte, NC | |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| **Name Of Defendant(s)** | **Date Original Summons Issued** |
| JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A. | |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| JOSEPH G. JEMSEK, M.D.<br>c/o James P. Cooney, III, Esq.<br>Womble Carlyle Sandridge & Rice<br>One Wachovia Center<br>301 South College Street<br>Charlotte, NC 28202 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Harold C. Spears, Esq., Caudle & Spears, P.A.<br>2600 Interstate Tower, 121 West Trade Street<br>Charlotte, NC 28202 | | | ☒ AM ☐ PM |
| | Signature | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA      FILED IN THE GENERAL COURT OF JUSTICE
                                                   SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG  2005 JUN 20  AM 11: 47   05-CVS-11118

                               MECKLENBURG COUNTY, C.S.C.

JOSEPH STANLY JABKIEWICZ,      )
Administrator of the ESTATE OF    )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ,      )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH          )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ,                         )
                                       )
        Plaintiffs,              )
                                       )
vs.                                     )         **COMPLAINT**
                                       )
JOSEPH G. JEMSEK, M.D.,         )
CHRISTIE ROESKE, R.N.P., and     )
THE JEMSEK CLINIC, P.A.,         )
                                       )
        Defendants.           )

       The Plaintiffs complaining of the Defendants, allege and say:

### FIRST CLAIM FOR RELIEF
### (Personal Injuries and Wrongful Death)

      1.     Plaintiff Joseph Stanly Jabkiewicz ("Joseph Jabkiewicz") is a resident of Cabarrus County, North Carolina. He is the duly appointed and acting Administrator of the Estate of Kathleen Marie Jabkiewicz and the duly appointed and acting Guardian ad Litem of the Minor Plaintiffs, Matthew Joseph Jabkiewicz and Michael Steven Jabkiewicz (the "Minor Plaintiffs").

      2.     The Minor Plaintiffs are minors and reside with their father, Plaintiff Joseph Jabkiewicz, in Cabarrus County, North Carolina. The Deceased, Kathleen Marie Jabkiewicz, was their mother and the wife of Joseph Jabkiewicz.

      3.     Defendant Jemsek Clinic, P.A. ("Jemsek Clinic") is a North Carolina professional association having its principal offices and place of business located in Mecklenburg County, North Carolina.

      4.     Defendant Joseph G. Jemsek, M.D. ("Dr. Jemsek") is a resident of Mecklenburg County, North Carolina, and is licensed to practice medicine in the State of North Carolina.

{W0188247-2 }

5.  Defendant Christie Roeske, R.N.P., ("Nurse Roeske") is a resident of Mecklenburg County, North Carolina, and is a registered nurse practitioner licensed to practice nursing in the State of North Carolina.

6.  At all times referred to herein, Dr. Jemsek held himself out to the public and to Kathleen Marie Jabkiewicz and her family as an expert in the field of infectious disease.

7.  At all times referred to herein, Dr. Jemsek was employed by or the agent of the Jemsek Clinic and was acting within the course and scope of his employment or agency with the Jemsek Clinic.

8.  At all times referred to herein, Nurse Roeske was employed by the Jemsek Clinic and was acting within the course and scope of her employment with the Jemsek Clinic.

9.  The Jemsek Clinic is legally responsible and liable for the acts and omissions of Dr. Jemsek and Nurse Roeske in that they were the duly authorized and acting employees or agents of the Jemsek Clinic at all times referred to herein.

10.  During the course of Kathleen Marie Jabkiewicz's treatment by Defendants, the Defendants accepted and treated her as a paying patient and examined her and rendered medical treatment to her in connection with her care.

11.  On or about November 9, 2001, Kathleen Marie Jabkiewicz presented herself to North Charlotte Medical Specialists complaining of general symptoms of malaise, body aches, and migraine headaches.

12.  On or about February 12, 2002, Dr. Jennifer Burke ("Dr. Burke") referred Kathleen Marie Jabkiewicz to Dr. Jemsek, and after an initial consultation or examination, Dr. Jemsek reportedly suspected Lyme disease as the cause of Kathleen Marie Jabkiewicz's symptoms.

13.  On or about February 25, 2002, under the direction of Dr. Jemsek, Kathleen Marie Jabkiewicz's blood samples were taken and tested for Lyme disease by Laboratory Corporation of America. The results were negative.

14.  On or about March 12, 2002, Medical Diagnostic Laboratories performed a second Lyme disease test. The test results proved to be inconclusive for Lyme disease.

15.  On or about February 25, 2002, Dr. Jemsek discontinued Kathleen Marie Jabkiewicz's use of the anti-depressant drug known as Prozac; and on or about March 12, 2002, Dr. Jemsek diagnosed Kathleen Marie Jabkiewicz with Lyme disease and thereafter placed her on a protocol of antibiotic drug therapy.

16.  Prior to Dr. Jemsek's diagnosis, Cabarrus Health Alliance gainfully employed Kathleen Marie Jabkiewicz as a registered nurse.

{W0188247-2}

2

17.   After Kathleen Marie Jabkiewicz's diagnosis and initial treatments by Dr. Jemsek, she became unable to continue her employment with Cabarrus Health Alliance.

18.   On or about April 17, 2002, Kathleen Marie Jabkiewicz began to experience psychogenic seizures. Dr. Jemsek prescribed medications that were primarily intended to treat epileptic seizures.

19.   Additionally, under the direction of Dr. Jemsek, a PICC line was placed into Kathleen Marie Jabkiewicz's left arm purportedly to assist in the ongoing antibiotic infusion treatments being prescribed to her by Dr. Jemsek.

20.   On or about August 13, 2003, Kathleen Marie Jabkiewicz presented herself to James Riddell, M.D. ("Dr. Riddell") at the University of Michigan. Dr. Riddell is a specialist in the field of infectious disease.

21.   Dr. Riddell issued orders to re-test Kathleen Marie Jabkiewicz for Lyme disease and forwarded her blood samples to both the University of Michigan and to the Mayo Clinic. The results from both laboratories were negative for Lyme disease.

22.   Dr. Riddell determined that Kathleen Marie Jabkiewicz did not have Lyme disease; and on or about August 28, 2003, Dr. Riddell removed the PICC line and discontinued her from further antibiotic therapy.

23.   On or about December 18, 2003, Kathleen Marie Jabkiewicz was again seen by Dr. Jemsek and was advised to continue further antibiotic treatment for Lyme disease at the Jemsek Clinic despite Dr. Jemsek's knowledge of Dr. Riddell's findings.

24.   At no time after the December 18, 2003 consultation, did the Defendants ever re-test Kathleen Marie Jabkiewicz for Lyme disease.

25.   Following Kathleen Marie Jabkiewicz's resumption of antibiotic therapy, her psychogenic seizures began to occur with both greater duration and frequency. In response, Dr. Jemsek again inserted a PICC line into Kathleen Marie Jabkiewicz's arm and again placed her on a regime of infusion antibiotic therapy and prescribed additional medications primarily intended for the treatment of epileptic seizures.

26.   On or about February 11, 2004, Kathleen Marie Jabkiewicz presented herself to NorthEast Medical Center for treatment of her psychogenic seizures. At that time, she was seen by E. Rolland Phillips, M.D. ("Dr. Phillips") and Robert D. Mitchell, M.D. ("Dr. Mitchell").

27.   On or about February 14, 2004, Dr. Mitchell, a board certified neurologist, reported that Kathleen Marie Jabkiewicz was experiencing non-epileptic pseudoseizures and thereafter discharged Kathleen Marie Jabkiewicz in stable condition.

28.   On or about February 25, 2004, Kathleen Marie Jabkiewicz was again treated at NorthEast Medical Center by Kenneth J. Welch, M.D. ("Dr. Welch"). Dr. Welch concurred with Dr. Mitchell's diagnosis.

29. On or about February 28, 2004, Kathleen Marie Jabkiewicz was examined by Dr. Jemsek at the Jemsek Clinic for psychogenic seizures and was thereafter taken from the Jemsek Clinic by ambulance to Lake Norman Regional Medical Center, where Dr. Jemsek had her admitted to the intensive care unit. During all relevant times described herein, Kathleen Marie Jabkiewicz's primary treating physician remained Dr. Jemsek.

30. At no time during the course of Dr. Jemsek's medical treatment of Kathleen Marie Jabkiewicz did he refer her to a neurologist for additional evaluation.

31. At no time during the course of Dr. Jemsek's medical treatment of Kathleen Marie Jabkiewicz did he refer her to a psychiatrist for additional evaluation.

32. On or about March 5, 2004, Kathleen Marie Jabkiewicz was released from the intensive care unit and sent home by order of Dr. Jemsek with further instructions to receive additional treatment on that day at the Jemsek Clinic.

33. During the ensuing appointment, Kathleen Marie Jabkiewicz received a Remicade infusion and was prescribed additional medications intended for the treatment and control of epileptic seizures. Additionally, Kathleen Marie Jabkiewicz received a prescription written by Nurse Roeske for sixty (60) thirty (30) milligram morphine sulfate tablets with dosage instructions of one (1) to two (2) tablets every four (4) to six (6) hours as needed for pain.

34. No record other than the actual prescription exists indicating the medically intended purpose of the morphine sulfate prescription or the basis for the amount of the dosage.

35. After consuming the first dosage of two (2) thirty (30) milligram morphine sulfate tablets, Kathleen Marie Jabkiewicz died of morphine poisoning on the night of March 6, 2004 or the morning of March 7, 2004.

36. During the above-referenced period of medical care, the Jemsek Clinic and their duly authorized and acting agents and employees, Dr. Jemsek and Nurse Roeske, were negligent in their care of, or failure to provide care for, Kathleen Marie Jabkiewicz, in that they:

    (a) Failed to provide medical, nursing, and health care services to Kathleen Marie Jabkiewicz in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time Kathleen Marie Jabkiewicz was under their care;

    (b) Failed timely and properly to diagnose Kathleen Marie Jabkiewicz's medical condition;

    (c) Failed timely and properly to record and communicate medically significant information regarding Kathleen Marie Jabkiewicz's conditions, test results, and treatment;

 (d) Failed to establish, implement, or follow procedures to assure timely and proper communication regarding Kathleen Marie Jabkiewicz's conditions, test results, and treatment;

 (e) Failed timely and properly to treat Kathleen Marie Jabkiewicz's medical conditions;

 (f) Failed to exercise reasonable care and diligence in the application of his, her, or their knowledge and skill to the care of Kathleen Marie Jabkiewicz; and

 (g) Failed to use his, her, or their best judgment in the treatment and care of Kathleen Marie Jabkiewicz.

37. Nurse Roeske, and through her the Jemsek Clinic, negligently failed to provide services as a registered nurse practitioner in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time Kathleen Marie Jabkiewicz was under her care, in that Nurse Roeske:

 (a) Failed to provide proper nursing or medical treatment;

 (b) Failed to follow standard drug and medication protocols;

 (c) Failed to conduct examinations in accordance with the applicable standard of care;

 (d) Failed to take note or chart findings or histories in accordance with the applicable standards of care;

 (e) Failed to exercise reasonable and prudent care by prescribing a lethal dosage of morphine sulfate to Kathleen Marie Jabkiewicz;

 (f) Failed to note or otherwise document any explanation as to the medical purpose and dosage of the morphine sulfate prescription; and

 (g) Otherwise failed to provide care in accordance with the applicable standard of care.

38. Dr. Jemsek, and through him the Jemsek Clinic, negligently failed to provide services as an infectious disease specialist in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time Kathleen Marie Jabkiewicz was under his care, in that Dr. Jemsek:

 (a) Misdiagnosed Kathleen Marie Jabkiewicz with Lyme disease;

    (b)    Failed timely to diagnose Kathleen Marie Jabkiewicz's psychogenic seizures;

    (c)    Failed to initiate proper medical treatment;

    (d)    Failed to follow standard drug and medication protocols;

    (e)    Failed timely to refer or associate a neurologist and psychiatrist to assist in Kathleen Marie Jabkiewicz's diagnosis and care;

    (f)    Failed to conduct examinations in accordance with the applicable standard of care;

    (g)    Failed to take note or chart findings or histories in accordance with the applicable standards of care;

    (h)    Failed to exercise reasonable and prudent care by prescribing a lethal dosage of morphine sulfate to Kathleen Marie Jabkiewicz;

    (i)    Failed to note or otherwise document any explanation as to the medical purpose and dosage of the morphine sulfate prescription;

    (j)    Failed to provide supervision and oversight to medical staff and assistants; and

    (k)    Otherwise failed to provide care in accordance with the applicable standard of care.

39.    As a direct and proximate result of the aforesaid joint and concurrent negligence of the Defendants, and their employees and agents, Kathleen Marie Jabkiewicz died of morphine poisoning.

40.    The aforesaid negligence of the Defendants joined and concurred as a proximate cause of Kathleen Marie Jabkiewicz's damages and eventual death.

41.    As a direct and proximate result of the aforesaid joint and concurrent negligence of the Defendants, Kathleen Marie Jabkiewicz sustained personal injuries, suffered great and excruciating pain and mental anguish, and incurred significant medical bills for which the Plaintiff Joseph Jabkiewicz, as administrator, is entitled to recover from the Defendants, jointly and severally, damages in excess of $10,000.00.

42.    As a direct and proximate result of the aforesaid Defendants' negligence and Kathleen Marie Jabkiewicz's wrongful death, Plaintiff Joseph Jabkiewicz incurred funeral and burial expenses, and the Plaintiffs have lost her reasonably expected net income, her services, her protection, her care, her assistance, her society, her companionship, her comfort, her guidance, her kindly offices, her advice, and other losses as provided for in G.S. 28A-18-2(b).