109.   Dr. Jemsek did not request that another Western Blot test be administered to Kathleen Marie Jabkiewicz after December 18, 2003.

RESPONSE:

110.   Dr. Jemsek's failure to retest Kathleen Marie Jabkiewicz for Lyme disease after December 18, 2003 constituted a breach by Dr. Jemsek of the standard of care applicable to him.

RESPONSE:

111.   The document identified on Bates Stamped pages 472 through 476 is a true, genuine, authentic, and accurate copy of the original February 25, 2002 Lab Corporation of America report concerning Kathleen Marie Jabkiewicz (the "Lab Corporation Report").

RESPONSE:

112.   The findings of the Lab Corporation Report concluded that Kathleen Marie Jabkiewicz tested negative for Lyme disease.

RESPONSE:

113.   The Lab Corporation Report is admissible into evidence without further authentication.

RESPONSE:

{W0188994-2}                                21

114.    A second sample of Kathleen Marie Jabkiewicz's blood was furnished by the Jemsek Clinic to Medical Diagnostic Laboratories on or about March 12, 2002.

RESPONSE:


115.    The document identified on Bates Stamped pages 477 through 478 is a true, genuine, authentic, and accurate copy of the report prepared by Medical Diagnostic Laboratories.

RESPONSE:


116.    The report prepared by Medical Diagnostic Laboratories identified on Bates Stamped pages 477 through 478 is admissible into evidence without further authentication.

RESPONSE:


117.    The test performed by Medical Diagnostic Laboratories on March 12, 2002 is positive only for IGM bands 39 and 23.

RESPONSE:


118.    Dr. Jemsek misdiagnosed Kathleen Marie Jabkiewicz with Lyme disease.

RESPONSE:


119.    Dr. Jemsek's continuation of treatment of Kathleen Marie Jabkiewicz for Lyme disease after December 18, 2003 constitutes a breach of his applicable standard of care.

RESPONSE:

120. Dr. Jemsek's misdiagnosis of Lyme disease concerning Kathleen Marie Jabkiewicz was a proximate cause of Kathleen Marie Jabkiewicz's death.

RESPONSE:

121. Dr. Jemsek's diagnosis of "Chronic Lyme Disease" is a medically unsupported diagnosis.

RESPONSE:

122. Dr. Jemsek prescribed Klonopin to Kathleen Marie Jabkiewicz on or about March 5, 2004.

RESPONSE:

123. Dr. Jemsek prescribed Neurontin to Kathleen Marie Jabkiewicz on or about March 5, 2004.

RESPONSE:

124. Dr. Jemsek prescribed Keppra to Kathleen Marie Jabkiewicz on or about March 5, 2004.

RESPONSE:

125. Dr. Jemsek was negligent during his care and treatment of Kathleen Marie Jabkiewicz in that he provided medical care and treatment outside the scope of his specialty.

RESPONSE:

{W0188994-2}                                    23

126. As a proximate result of the Defendants' negligence, Plaintiff Joseph Stanly Jabkiewicz has sustained damages for loss of consortium in excess of $10,000.00.

RESPONSE:

127. As a proximate result of the Defendants' negligence, Plaintiff Joseph Stanly Jabkiewicz has sustained damages for personal injuries in excess of $10,000.00.

RESPONSE:

128. As a proximate result of the Defendants' negligence, Matthew Joseph Jabkiewicz has sustained damages for personal injuries in excess of $10,000.00.

RESPONSE:

129. As a proximate result of the Defendants' negligence, Michael Steven Jabkiewicz has sustained damages for personal injuries in excess of $10,000.00.

RESPONSE:

130. The Defendants failed to provide medical care, nursing, and health care services to Kathleen Marie Jabkiewicz in accordance with the standards of practice among members of the same health care professions with similar training and experience situated in the same or similar communities at the time Kathleen Marie Jabkiewicz was under their care.

RESPONSE:

131. Dr. Jemsek failed to timely and properly diagnose Kathleen Marie Jabkiewicz's medical condition.

RESPONSE:

132. Dr. Jemsek failed to timely and properly record and communicate medically specific information regarding Kathleen Marie Jabkiewicz's condition, test results, and treatment.

RESPONSE:

133. Nurse Roeske failed to timely and properly record and communicate medically specific information regarding Kathleen Marie Jabkiewicz's condition, test results, and treatment.

RESPONSE:

134. Dr. Jemsek failed to establish, implement, or follow procedures to assure timely and proper communication regarding Kathleen Marie Jabkiewicz's condition, test results, and treatment.

RESPONSE:

135. Nurse Roeske failed to establish, implement, or follow procedures to assure timely and proper communication regarding Kathleen Marie Jabkiewicz's condition, test results, and treatment.

RESPONSE:

136. Dr. Jemsek failed to timely and properly treat Kathleen Marie Jabkiewicz's medical condition.

{W0188994-2}  25

RESPONSE:

137.    Nurse Roeske failed to timely and properly treat Kathleen Marie Jabkiewicz's medical condition.

RESPONSE:

138.    Dr. Jemsek failed to initiate proper medical treatment to Kathleen Marie Jabkiewicz.

RESPONSE:

139.    Dr. Jemsek failed to follow up with standard protocol reference to Kathleen Marie Jabkiewicz.

RESPONSE:

140.    Dr. Jemsek failed to conduct examinations of Kathleen Marie Jabkiewicz in accordance with the applicable standard of care.

RESPONSE:

141.    Dr. Jemsek failed to note or chart findings or histories of Kathleen Marie Jabkiewicz in accordance with the applicable standard of care.

RESPONSE:

142. As a proximate result of the aforesaid negligence of the Defendants and Kathleen Marie Jabkiewicz's death, Plaintiff Joseph Stanly Jabkiewicz has incurred funeral and burial expenses and Plaintiff Joseph Stanly Jabkiewicz and the decedent's children have lost Kathleen Marie Jabkiewicz's reasonably expected net income, her services, her protection, her care, her assistance, her society, her companionship, her comfort, her guidance, her kindly offices, her advice, and other losses as provided for in N.C.G.S. § 28-A-18-2(b).

RESPONSE:

143. Prior to discontinuing Kathleen Marie Jabkiewicz's prescription for Prozac, Dr. Jemsek did not consult with a psychiatrist.

RESPONSE:

144. Prior to discontinuing Kathleen Marie Jabkiewicz's prescription for Prozac, Dr. Jemsek did not consult with any other physician regarding the protocol of Prozac for Kathleen Marie Jabkiewicz.

RESPONSE:

145. Dr. Jemsek violated the applicable standard of care by discontinuing Kathleen Marie Jabkiewicz's protocol of Prozac.

RESPONSE:

YOU ARE HEREBY NOTIFIED that pursuant to Rules 26 and 36 of the North Carolina Rules of Civil Procedure, you are required to serve your written response to these Requests for Admission on the undersigned attorney within forty-five (45) days of service and to file your response with the Clerk of Superior Court of Mecklenburg County, North Carolina, within five (5) days thereof.

This the 20 day of June, 2005.

{W0188994-2}    27

OF COUNSEL:

CAUDLE & SPEARS, P.A.
2600 Interstate Tower
121 West Trade Street
Charlotte, NC 28202
Telephone: (704) 377-1200
Telecopier: (704) 338-5858

_____
Eric Allen Rogers
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the pleading or paper to which this certificate is attached was served upon each party to this action by hand delivery to the attorney of record for each party at his last known address.

This the ____ day of June, 2005.

_____
Eric Allen Rogers
Attorney for Plaintiffs

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY  05 CvS 11118

FILED
2005 JUN 29 PM 4: 17
MECKLENBURG COUNTY, C.S.C.

JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of Kathleen Marie Jabkiewicz, and JOSEPH STANLY JABKIEWICZ, Individually and as Guardian Ad Litem for Minors, MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ,

   Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.,

   Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT OF THE PLAINTIFFS**

On Motion and for good cause shown, the Defendants' time for moving or answering the Complaint, pursuant to Chapter 1A-1 of the General Statutes of North Carolina, is hereby enlarged for a period of thirty (30) days, or through and including the 28th day of August, 2005.

This 29 day of June, 2005.

_____
(Deputy/Assistant) Clerk of Superior Court

CHARLOTTE 439996v1

STATE OF NORTH CAROLINA      FILED IN THE GENERAL COURT OF JUSTICE
                                                                                 SUPERIOR COURT DIVISION
MECKLENBURG COUNTY        2005 JUN 29 PM 4:17     05 CvS 11118

JOSEPH STANLY JABKIEWICZ, MECKLENBURG COUNTY, C.S.C.
Administrator of the Estate of Kathleen
Marie Jabkiewicz, and JOSEPH STANLY
JABKIEWICZ, Individually and as
Guardian Ad Litem for Minors, MATTHEW
JOSEPH JABKIEWICZ and MICHAEL            **DEFENDANTS' MOTION FOR**
STEVEN JABKIEWICZ,                             **EXTENSION OF TIME TO RESPOND TO**
                                                     **THE COMPLAINT OF THE PLAINTIFFS**
           Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE
ROESKE, R.N.P., and THE JEMSEK
CLINIC, P.A.,

          Defendants.

NOW COME Defendants in the above-captioned matter, pursuant to G.S. §1A-1, Rule 6, prior to expiration of time for moving or answering the Complaint, and hereby move the Court for an Order enlarging their time for thirty (30) days, or through and including August 28, 2005, within which to answer, move or otherwise plead, pursuant to G.S. §1A-1, Rule 12, on the ground that the Defendants need additional time to prepare and serve answers, motions or other pleadings.

This 29 day of Ju_____, 2005.

                                       _____
                                       James P. Cooney III
                                       State Bar No. 12140
                                       One Wachovia Center, Suite 3500
                                       301 South College Street
                                       Charlotte, NC 28202-6037
                                       Telephone: 704-331-4980
                                       **Attorney for Defendants**

Of Counsel:
Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

CHARLOTTE 439996v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT OF THE PLAINTIFFS** was served on the Plaintiffs by causing to be deposited a copy of the same in an official depository of the United States Postal Service, in a postage-paid envelope, addressed to his counsel of record as follows:

> Harold C. Spears
> Eric Allen Rogers
> Caudle & Spears, P.A.
> 121 West Trade Street
> 2600 Interstate Tower
> Charlotte, NC  28202

This 24 day of Ja_____, 2005.

_____
James P. Cooney III

CHARLOTTE 439996v1