FILED

STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
                2005 JUN 29 PM 4: 17   SUPERIOR COURT DIVISION
MECKLENBURG COUNTY MECKLENBURG COUNTY, C.S.C.        05 CvS 11118

| | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of Kathleen Marie Jabkiewicz, and JOSEPH STANLY JABKIEWICZ, Individually and as Guardian Ad Litem for Minors, MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.,<br><br>    Defendants. | **ORDER GRANTING DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS (SERVED WITH THE COMPLAINT)** |

On Motion and for good cause shown, the Defendants' time for answering or objecting to Plaintiffs' First Request for Admissions, pursuant to Chapter 1A-1 of the General Statutes of North Carolina, is hereby enlarged for a period of thirty (30) days, or through and including the 12th day of September, 2005.

This 29 day of _____June_____, 2005.

_____
(Deputy/Assistant) Clerk of Superior Court

CHARLOTTE 440000v1

STATE OF NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY   2005 JUN 29 PM 4: 17    05 CvS 11118

MECKLENBURG COUNTY, C.S.C.

JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of Kathleen Marie Jabkiewicz, and JOSEPH STANLY JABKIEWICZ, Individually and as Guardian Ad Litem for Minors, MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ,

           Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.,

           Defendants.

**DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS (SERVED WITH THE COMPLAINT)**

NOW COMES a Defendant in the above-captioned matter, **THE JEMSEK CLINIC, P.A.**, pursuant to G.S. §1A-1, Rule 6, prior to expiration of time for responding to or objecting to Plaintiffs' First Request for Admissions, which were served with the Complaint on June 29, 2005, and to which answers are otherwise due on August 13, 2005, and hereby moves the Court for an Order enlarging his time for thirty (30) days, or through and including September 12, 2005, within which to answer or object, pursuant to G.S. §1A-1, Rule 12, on the ground that said Defendant needs additional time to prepare and serve responses or objections.

This \_\_\_29\_\_\_ day of \_\_\_Jun\_\_\_, 2005.

           _____
           James P. Cooney III
           State Bar No. 12140
           One Wachovia Center, Suite 3500
           301 South College Street
           Charlotte, NC  28202-6037
           Telephone: 704-331-4980
           **Attorney for Defendants**

CHARLOTTE 440000v1

Of Counsel:

Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **DEFENDANT THE JEMSEK CLINIC, P.A.'S ' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS** was served on the Plaintiffs by causing to be deposited a copy of the same in an official depository of the United States Postal Service, in a postage-paid envelope, addressed to his counsel of record as follows:

> Harold C. Spears
> Eric Allen Rogers
> Caudle & Spears, P.A.
> 121 West Trade Street
> 2600 Interstate Tower
> Charlotte, NC  28202

This __24__ day of __Ju_____, 2005.

_____
James P. Cooney III

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                               SUPERIOR COURT DIVISION
MECKLENBURG COUNTY             05 CvS 11118

FILED
2005 JUN 29 PM 4: 16
MECKLENBURG COUNTY, C.S.C.

JOSEPH STANLY JABKIEWICZ,
Administrator of the Estate of Kathleen
Marie Jabkiewicz, and JOSEPH STANLY
JABKIEWICZ, Individually and as
Guardian Ad Litem for Minors, MATTHEW
JOSEPH JABKIEWICZ and MICHAEL
STEVEN JABKIEWICZ,

Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE
ROESKE, R.N.P., and THE JEMSEK
CLINIC, P.A.,

Defendants.

**ORDER GRANTING DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (SERVED WITH THE COMPLAINT)**

On Motion and for good cause shown, the Defendants' time for answering or objecting to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, pursuant to Chapter 1A-1 of the General Statutes of North Carolina, is hereby enlarged for a period of thirty (30) days, or through and including the 12th day of September, 2005.

This 29 day of June, 2005.

_____
(Deputy/Assistant) Clerk of Superior Court

CHARLOTTE 439999v1

STATE OF NORTH CAROLINA      FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY    2005 JUN 29 PM 4: 15    05 CvS 11118

MECKLENBURG COUNTY, C.S.C.

| | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of Kathleen Marie Jabkiewicz, and JOSEPH STANLY JABKIEWICZ, Individually and as Guardian Ad Litem for Minors, MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.,<br><br>Defendants. | **DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (SERVED WITH THE COMPLAINT)** |

NOW COMES a Defendant in the above-captioned matter, THE JEMSEK CLINIC, P.A., pursuant to G.S. §1A-1, Rule 6, prior to expiration of time for responding to or objecting to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, which were served with the Complaint on June 29, 2005, and to which answers are otherwise due on August 13, 2005, and hereby moves the Court for an Order enlarging his time for thirty (30) days, or through and including September 12, 2005, within which to answer or object, pursuant to G.S. §1A-1, Rule 12, on the ground that said Defendant needs additional time to prepare and serve responses or objections.

This ___29___ day of ___Ju___, 2005.

_____
James P. Cooney III
State Bar No. 12140
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone: 704-331-4980
**Attorney for Defendants**

CHARLOTTE 439999v1

Of Counsel:

Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC  28202-6037

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **DEFENDANT THE JEMSEK CLINIC, P.A.'S ' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served on the Plaintiffs by causing to be deposited a copy of the same in an official depository of the United States Postal Service, in a postage-paid envelope, addressed to his counsel of record as follows:

> Harold C. Spears
> Eric Allen Rogers
> Caudle & Spears, P.A.
> 121 West Trade Street
> 2600 Interstate Tower
> Charlotte, NC 28202

This ___ day of _____, 2005.

_____
James P. Cooney III

CHARLOTTE 439999v1

FILED
2005 AUG 29 AM 11:39
MECKLENBURG COUNTY, C.S.C.

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                           SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                         05 CvS 11118

| | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the Estate of Kathleen Marie Jabkiewicz, and JOSEPH STANLY JABKIEWICZ, Individually and as Guardian Ad Litem for Minors, MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A.,<br><br>Defendants. | **DEFENDANTS' REQUEST FOR STATEMENT OF AMOUNT OF MONETARY RELIEF AND ANSWER** |

## Request for Statement of Amount of Monetary Relief

NOW COME Defendants, **JOSEPH G. JEMSEK, M.D.** ("Dr. Jemsek"), **CHRISTIE ROESKE, R.N.P.** ("Nurse Roeske") and **THE JEMSEK CLINIC, P.A.** ("Jemsek Clinic"), pursuant to G.S. §1A-1, Rule 8(a)(2), and request that Plaintiffs provide to them within thirty (30) days of the receipt of this Request a statement in writing of the amount of monetary relief sought. This statement shall be provided in accordance with the terms and conditions of G.S. §1A-1, Rule 8(a)(2).

## Answer

### FIRST CAUSE OF ACTION

*First Defense to First Cause of Action*

NOW COME Defendants, **JOSEPH G. JEMSEK, M.D.** ("Dr. Jemsek"), **CHRISTIE ROESKE, R.N.P.** ("Nurse Roeske") and **THE JEMSEK CLINIC, P.A.** ("Jemsek Clinic") and, answering the Complaint of the Plaintiffs, allege and state that:

1.   The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.

2.   The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 except that the

CHARLOTTE 449411v1

Defendants admit that the deceased was the mother of the minor Plaintiffs and was married to the Administrator.

3. The Defendants admit that the Jemsek Clinic is a professional association organized and existing under the laws of the State of North Carolina with a principal place of business in Mecklenburg County. Except as stated, the Defendants deny the allegations of paragraph 3.

4. The Defendants admit that Dr. Jemsek is a citizen and resident of North Carolina who resides in Mecklenburg County and is licensed to practice medicine under the laws of the State of North Carolina. Except as stated, the Defendants deny the allegations of paragraph 4.

5. The Defendants admit that Nurse Roeske is a nurse practitioner licensed to practice nursing and act as a certified nurse practitioner under the laws of the State of North Carolina. It is further admitted that Nurse Roeske resides in Mecklenburg County. Except as stated, the Defendants deny the allegations of paragraph 5.

6. The Defendants admit that at all times relevant to the Complaint, Dr. Jemsek confined his practice of medicine to the medical specialty of infectious diseases, a subspecialty of internal medicine. Except as stated, the Defendants deny the allegations of paragraph 6.

7. The Defendants admit that at all times relevant to the Complaint, Dr. Jemsek was acting within the course and scope of his employment with the Jemsek Clinic. Except as stated, the Defendants deny the allegations of paragraph 7.

8. The Defendants admit that at all times relevant to the Complaint, Nurse Roeske was acting within the course and scope of her employment with the Jemsek Clinic. Except as stated, the Defendants deny the allegations of paragraph 8.

9. The allegations of paragraph 9 are allegations of law to which no response is necessary. Except as stated, the Defendants deny the allegations of paragraph 9.

10. The Defendants admit that at all times relevant to the Complaint, and while she resided in the State of North Carolina, Kathleen Marie Jabkiewicz was treated as a patient at the Jemsek Clinic and by Dr. Jemsek and Nurse Roeske. Except as stated, the Defendants deny the allegations of paragraph 10.

11. The Defendants admit that on November 9, 2001, Kathleen Marie Jabkiewicz presented to the North Charlotte Medical Specialists complaining of a number of symptoms including migraine headaches, myalgias/arthralgias, nausea, cough, congestion, fever, and ear symptoms, having just completed Augmentin. The Defendants deny any implication that November 9, 2001 was the first time that Kathleen Marie Jabkiewicz had presented to the North Charlotte Medical Specialists or that she had not had similar complaints prior to November 9, 2001. Except as stated, the Defendants deny the allegations of paragraph 11.

-2-

12. The Defendants admit that on or about February 12, 2002, and after numerous visits and unsuccessful treatments, Dr. Jennifer Burke ("Dr. Burke") referred Kathleen Marie Jabkiewicz for an infectious disease consultation with Dr. Jemsek with a working diagnosis of a chronic infection and chronic fatigue. The Defendants further admit that Dr. Jemsek received a 2 to 3 year history of progressive fatigue, malaise, and cognitive problems given to him by Kathleen Marie Jabkiewicz, that he gathered a complete history and conducted a physical examination which revealed, among other findings, submandibular lymphadenopathy, lymphoid hyperplasia and other problems, and that his initial impression was a presumed immune-dysfunction syndrome which included Lyme disease as one of a number of possibilities. Except as stated, the Defendants deny the allegations of paragraph 12.

13. The Defendants admit that on or about February 25, 2002, a blood sample from Kathleen Marie Jabkiewicz was transmitted to Laboratory Corporation of America and tested for the presence of Lyme disease. Except as stated, the Defendants deny the allegations of paragraph 13.

14. The Defendants admit that on or about March 12, 2002, Medical Diagnostic Laboratories performed a test for Lyme disease and that the Western Blot test performed at that time was reported as a positive test for Lyme disease with IGM Bands 23 and 39 present. Except as stated, the Defendants deny the allegations of paragraph 14.

15. The Defendants admit that Dr. Jemsek discontinued the use of Prozac by Kathleen Marie Jabkiewicz on or about February 25, 2002, and that following his examination and the results of laboratory testing, and an interim visit and examination on March 8, 2002, which revealed significant central nervous system and peripheral nervous cyst symptomatology that was compatible with Lyme disease, arrived at a presumptive diagnosis of Lyme disease, among other conditions, as recorded in his records on or about March 12, 2002. Except as stated, the Defendants deny the allegations of paragraph 15.

16. The Defendants admit that Kathleen Marie Jabkiewicz was a registered nurse. Except as stated, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16.

17. The Defendants deny that Kathleen Marie Jabkiewicz became unable to work as a consequence of either the diagnosis of or treatment for Lyme disease, but admit that the disease interfered with her ability to work. Except as stated, the Defendants deny the allegations of paragraph 17.

18. The Defendants admit that on April 17, 2002, Dr. Jemsek saw Kathleen Marie Jabkiewicz and was given a history of "absence attacks or seizure-like activity" after significantly improving, that she had been seen by a neurologist, Dr. Steven Hardy, that Dr. Hardy had diagnosed "pseudoseizures" and related that "these are in fact subconscious but real," that Dr. Hardy had recommended hospitalization but Kathleen Marie Jabkiewicz and her husband had declined, that Dr. Hardy suggested a

benzodiazepine or anxiolytic "as a way to minimize symptoms," and that Dr. Jemsek provided Kathleen Marie Jabkiewicz with an additional prescription for Klonopin. Except as stated, the Defendants deny the allegations of paragraph 18.

19. The Defendants admit that a PICC line was placed so that Remicade could be administered on May 8, 2002, intravenously and that this method and treatment were prescribed by Dr. Jemsek. Except as stated, the Defendants deny the allegations of paragraph 19.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20.

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21.

22. The Defendants admit that in a note prepared on August 28, 2003, Dr. Riddle indicated that he did not believe that Kathleen Marie Jabkiewicz's continued symptomatology could be referable to a chronic infection or Lyme disease, that she had received sufficient antibiotics that were adequate for Lyme disease, that he did not have an explanation for her continued symptoms other than some type of autoimmune disorder, and that he discontinued the PICC line. Except as stated, these Defendants deny the allegations of paragraph 22.

23. The Defendants admit that on December 18, 2003, Kathleen Marie Jabkiewicz returned to Dr. Jemsek, reported the findings at the University of Michigan, further reported that another physician in Michigan agreed with the diagnosis of Lyme disease as causing her current symptoms and had placed her on antibiotics, and that Dr. Jemsek initiated further antibiotic treatment at that time. Except as stated, the Defendants deny the allegations of paragraph 23.

24. The Defendants admit that a number of tests were performed on Kathleen Marie Jabkiewicz after December 18, 2003, and that Dr. Jemsek did not repeat the test for Lyme disease. Except as stated, the Defendants deny the allegations of paragraph 24.

25. The Defendants admit that the seizures experienced by Kathleen Marie Jabkiewicz apparently recurred in February 2004, that this was after the resumption of antibiotic therapy in December 203, that a PICC line was placed for further antibiotic administration and that appropriate medications were prescribed for the symptoms experienced by Kathleen Marie Jabkiewicz. Except as stated, the Defendants deny the allegations of paragraph 25.

26. The Defendants admit that on February 11, 2004, Kathleen Marie Jabkiewicz came to the Emergency Department of NorthEast Medical Center with a chief complaint of pseudoseizures after having been directed there by the Jemsek Clinic, that she was administered Ativan and morphine IV by Dr. Roland Phillips, and that she was evaluated by Dr. Mitchell. Except as stated, the Defendants deny the allegations of paragraph 26.

CHARLOTTE 449411v1