STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

JOSEPH STANLY JABKIEWICZ,
Administrator of the Estate of Kathleen Marie
Jabkiewicz, and JOSEPH STANLY
JABKIEWICZ, Individually and as Guardian
Ad Litem for Minors, MATTHEW JOSEPH
JABKIEWICZ and MICHAEL STEVEN
JABKIEWICZ,

      Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE
ROESKE, R.N.P., and THE JEMSEK CLINIC,
P.A.,

      Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 13118

MECKLENBURG COUNTY, C.S.C.

BY_____

**DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR PROTECTIVE ORDER**

Defendant **THE JEMSEK CLINIC, P.A** hereby moves the Court pursuant to N.C.G.S. §1A-1, Rule 26(c) for a Protective Order and requests that the Court strike Plaintiffs' discovery to Defendant Jemsek Clinic, P.A. (dated September 29, 2005) on the grounds set forth below.

The grounds and basis for this motion are as follows:

1. On June 29, 2005, simultaneously with the Complaint, Plaintiffs served one hundred forty-five (145) Requests for Admission. On September 12, 2005, this Defendant provided responses to each of the one hundred forty-five (145) Requests for Admission. Defendant's Response to Plaintiffs' Requests for Admission is attached as Exhibit 1.

2. On June 29, 2005, simultaneous with the Complaint, Plaintiffs served their First Set of Interrogatories and Request for Production of Documents. On September 12, 2005, this Defendant served a timely response to Plaintiffs' discovery. Defendant's Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents is attached as Exhibit 2.

3. On September 29, 2005, Plaintiffs served their Second Set of Interrogatories on Defendant The Jemsek Clinic, P.A. Defendant applied for, and was granted an extension of time to answer up until and through November 28, 2005. Plaintiffs' Second Set of Interrogatories is attached as Exhibit 3.

CHARLOTTE 455772v1

4. In Plaintiffs' Second Set of Interrogatories to The Jemsek Clinic, P.A., Plaintiffs have tendered an Interrogatory, with multiple subparts (and subparts to subparts) relating to every Request that is not an "unqualified admission."

5. This Interrogatory and its multiple subparts far exceed the limitation of 50 Interrogatories imposed by N.C.G.S. §1A-1, Rule 33(a) and therefore is unduly burdensome, harassing, and improper pursuant to G.S. §1A-1, Rules 26 and 33.

6. In addition, and pursuant to the good faith requirement of G.S. §1A-1, Rule 36, this Defendant set forth in each qualified admission the reasons that it could not admit or deny the Request in its entirety, thus providing the information now sought by the Plaintiffs in this discovery. For example, the Plaintiffs demanded that the Defendant stipulate to the authenticity of certain medical records; however, the Plaintiff-Administrator has not permitted the Defendant to inspect the originals of these medical records to determine if they are both complete and authentic. The Defendant noted in its responses that, once permitted to inspect those records, it would enter into an appropriate stipulation. Yet, and despite the fact that it is the Plaintiff-Administrator who is responsible for the Defendant's inability to admit the authenticity of these documents, the Plaintiffs now seek to propound interrogatories seeking to determine the "good faith efforts" made by the Defendant to determine their authenticity. Such discovery is harassing and vexatious and constitutes an improper use of discovery under G.S, §1A-1, Rule 26.

7. Furthermore, the Interrogatory seeks information that is subject to the absolute privilege applicable to communications between attorney and client, the absolute privilege applicable to the mental impressions of attorneys, and the qualified privilege applicable to work product without a showing of substantial need or undue hardship. Accordingly, the Interrogatory is improper pursuant to N.C.G.S. §1A-1, Rules 26 and 34. It also also exceeds the bounds of permissible discovery pursuant to N.C.G.S. §1A-1, Rule 26 in that it seeks information that is prepared in anticipation of litigation.

8. Finally, to the extent that the Interrogatory seeks information beyond that provided for in Rule 26(b)(4), this Defendant objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and thus improper pursuant to G.S. §1A-1, Rules 26 and 33.

9. Accordingly, this Defendant moves pursuant to G.S. §1A-1, Rule 26(c) for a Protective Order providing that this discovery not be had.

Wherefore, Defendant, The Jemsek Clinic, P.A., prays that:

1. This Court enter a Protective Order that this discovery not be had;

2. This Court enter an Order striking Plaintiffs' Second Set of Interrogatories; and

3. This Court order such further relief as it deems just and appropriate.

This \_\_28th\_\_ day of November, 2005.

_____
Tricia M. Derr
State Bar No.: 24438
James P. Cooney, III
State Bar No.: 12140
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone: 704-331-4980
Attorneys for Defendants

Of Counsel:
Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing DEFENDANT THE JEMSEK CLINIC, P.A.'S MOTION FOR PROTECTIVE ORDER was served on the Plaintiffs by causing to be deposited a copy of the same in an official depository of the United States Postal Service, in a postage-paid envelope, addressed to his counsel of record as follows:

> Harold C. Spears
> Eric Allen Rogers
> Caudle & Spears, P.A.
> 121 West Trade Street
> 2600 Interstate Tower
> Charlotte, NC 28202

This __28th__ day of November, 2005.

_____
Tricia M. Derr

4

CHARLOTTE 455772v1

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
             SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG      05-CVS-11118

JOSEPH STANLY JABKIEWICZ, )
Administrator of the ESTATE OF )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ, )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ, )
                 )
     Plaintiffs, )
                 )
vs.              )    **ORDER ENLARGING TIME**
                 )
JOSEPH G. JEMSEK, M.D., )
CHRISTIE ROESKE, R.N.P., and )
THE JEMSEK CLINIC, P.A., )
                 )
    Defendants. )

    THIS CAUSE coming on to be heard before the undersigned Assistant Clerk of Superior Court, upon the application of Plaintiff Joseph Stanly Jabkiewicz, Individually, through counsel, Eric Allen Rogers, Caudle & Spears, P.A., 2600 Interstate Tower, 121 West Trade Street, Charlotte, North Carolina 28202, pursuant to Rule 6(b), for an enlargement of time for Plaintiff to respond to Defendants' First Set of Interrogatories and Request for Production of Documents served by mail on December 27, 2005; and it appearing for good cause shown that said counsel needs additional time, that such application should be granted, and that the time for responding has not expired.

    IT IS, THEREFORE, ORDERED AND DECREED that Plaintiff Joseph Stanly Jabkiewicz, Individually, shall have through and including the 24th day of February, 2006, within which time to respond or object to the Defendants' First Set of Interrogatories and Request for Production of Documents.

This the 30 day of December, 2005.

                    _____
                    Assistant Clerk of Superior Court

{W0202115-1}

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                  05 DEC 30 PM   SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG   MECKLENBURG CO., C.S.C.   05-CVS-11118

```
JOSEPH STANLY JABKIEWICZ,            )
Administrator of the ESTATE OF       )
KATHLEEN MARIE JABKIEWICZ, and       )
JOSEPH STANLY JABKIEWICZ,            )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH                )
JABKIEWICZ and MICHAEL STEVEN        )
JABKIEWICZ,                          )
                                     )
         Plaintiffs,                 )
                                     )
vs.                                  )       MOTION ENLARGING TIME
                                     )
                                     )              [EXTM]
JOSEPH G. JEMSEK, M.D.,              )
CHRISTIE ROESKE, R.N.P., and         )
THE JEMSEK CLINIC, P.A.,             )
                                     )
         Defendants.                 )
_____)
```

NOW COMES Plaintiff Joseph Stanly Jabkiewicz, Individually, through counsel, pursuant to Rule 6 of the North Carolina Rules of Civil Procedure, and moves that he be granted additional time within which to respond to the Defendants' First Set of Interrogatories and Request for Production of Documents served on him by mail on December 27, 2005; and as grounds therefore, respectfully shows the Court that he needs additional time within which to gather the requested information and to execute a proper response.

This the 30 day of December, 2005.

OF COUNSEL:

CAUDLE & SPEARS, P.A.
2600 Interstate Tower
121 West Trade Street                     Eric Allen Rogers
Charlotte, NC 28202                       Attorney for Plaintiffs
Telephone: 704/377-1200
Telecopier: 704/338-5858

{W0202115-1}

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing documents have been served, via United States First Class Mail and/or facsimile, on the following parties to this action in the manner prescribed by Rule 5 of the Rules of Civil Procedure, addressed as follows:

James P. Cooney, III, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

Tricia M. Derr, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

This the 30 day of December, 2005.

Eric Allen Rogers
Attorney for Plaintiffs

{WO202115-1}

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                                            SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                       05-CVS-11118

JOSEPH STANLY JABKIEWICZ,          )
Administrator of the ESTATE OF         )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ,          )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH             )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ,                                  )
                                                  )
             Plaintiffs,                        )
                                                  )
vs.                                                )      **ORDER ENLARGING TIME**
                                                  )
JOSEPH G. JEMSEK, M.D.,               )
CHRISTIE ROESKE, R.N.P., and         )
THE JEMSEK CLINIC, P.A.,              )
                                                 )
             Defendants.                     )
                                                 )

        THIS CAUSE coming on to be heard before the undersigned Assistant Clerk of Superior Court, upon the application of Plaintiff Joseph Stanly Jabkiewicz, Individually, through counsel, Eric Allen Rogers, Caudle & Spears, P.A., 2600 Interstate Tower, 121 West Trade Street, Charlotte, North Carolina 28202, pursuant to Rule 6(b), for an enlargement of time for Plaintiff to respond to Defendants' First Set of Interrogatories and Request for Production of Documents served by mail on December 27, 2005; and it appearing for good cause shown that said counsel needs additional time, that such application should be granted, and that the time for responding has not expired.

        IT IS, THEREFORE, ORDERED AND DECREED that Plaintiff Joseph Stanly Jabkiewicz, Individually, shall have through and including the 24th day of February, 2006, within which time to respond or object to the Defendants' First Set of Interrogatories and Request for Production of Documents.

        This the ___ day of December, 2005.

                                                    _____
                                                    Assistant Clerk of Superior Court

{W0202115-1}

STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
                                       SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                  05-CVS-11118

JOSEPH STANLY JABKIEWICZ,              )
Administrator of the ESTATE OF         )
KATHLEEN MARIE JABKIEWICZ, and         )
JOSEPH STANLY JABKIEWICZ,              )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH                  )
JABKIEWICZ and MICHAEL STEVEN          )
JABKIEWICZ,                            )
                                       )
            Plaintiffs,                )
                                       )
vs.                                    )        **MOTION ENLARGING TIME**
                                       )
JOSEPH G. JEMSEK, M.D.,                )            [EXTM]
CHRISTIE ROESKE, R.N.P., and           )
THE JEMSEK CLINIC, P.A.,               )
                                       )
            Defendants.                )
_____)


NOW COMES Plaintiff Joseph Stanly Jabkiewicz, Individually, through counsel, pursuant to Rule 6 of the North Carolina Rules of Civil Procedure, and moves that he be granted additional time within which to respond to the Defendants' First Set of Interrogatories and Request for Production of Documents served on him by mail on December 27, 2005; and as grounds therefore, respectfully shows the Court that he needs additional time within which to gather the requested information and to execute a proper response.

This the 30 day of December, 2005.


OF COUNSEL:

CAUDLE & SPEARS, P.A.
2600 Interstate Tower
121 West Trade Street                    _____
Charlotte, NC 28202                      Eric Allen Rogers
Telephone: 704/377-1200                  Attorney for Plaintiffs
Telecopier: 704/338-5858


{W0202115-1 }

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing documents have been served, via United States First Class Mail and/or facsimile, on the following parties to this action in the manner prescribed by Rule 5 of the Rules of Civil Procedure, addressed as follows:

    James P. Cooney, III, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

    Tricia M. Derr, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

This the **30** day of December, 2005.

_____
Eric Allen Rogers
Attorney for Plaintiffs

{W0202115-1}

STATE OF NORTH CAROLINA　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG　　　　　　　　05-CVS-11118

FILED
05 DEC 30 PM 4:35
MECKLENBURG CO., C.S.C.
BY _____

| | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the ESTATE OF KATHLEEN MARIE JABKIEWICZ, and JOSEPH STANLY JABKIEWICZ, Individually, and as Guardian Ad Litem for Minors MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ, <br><br>　　　　　　Plaintiffs, <br><br>vs. <br><br>JOSEPH G. JEMSEK, M.D.; CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A., <br><br>　　　　　　Defendants. | **ORDER ENLARGING TIME** |

THIS CAUSE coming on to be heard before the undersigned Assistant Clerk of Superior Court, upon the application of Plaintiff Joseph Stanly Jabkiewicz as Administrator of the Estate of Kathleen Marie Jabkiewicz, through counsel, Eric Allen Rogers, Caudle & Spears, P.A., 2600 Interstate Tower, 121 West Trade Street, Charlotte, North Carolina 28202, pursuant to Rule 6(b), for an enlargement of time for Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents served by mail on December 27, 2005; and it appearing for good cause shown that said counsel needs additional time, that such application should be granted, and that the time for responding has not expired.

IT IS, THEREFORE, ORDERED AND DECREED that Plaintiff Joseph Stanly Jabkiewicz as Administrator of the Estate of Kathleen Marie Jabkiewicz shall have through and including the 24th day of February, 2006, within which time to respond or object to the Defendants' First Set of Interrogatories and Requests for Production of Documents.

This the 30 day of December, 2005.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Assistant Clerk of Superior Court

{W0202111-1}

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG     05-CVS-11118

FILED
05 DEC 30 PM
MECKLENBURG CO., C.S.C.
BY _____

| | |
|---|---|
| JOSEPH STANLY JABKIEWICZ, Administrator of the ESTATE OF KATHLEEN MARIE JABKIEWICZ, and JOSEPH STANLY JABKIEWICZ, Individually, and as Guardian Ad Litem for Minors MATTHEW JOSEPH JABKIEWICZ and MICHAEL STEVEN JABKIEWICZ, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )    **ORDER ENLARGING TIME** ) |
| JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A., | ) ) ) ) |
| Defendants. | ) ) |

THIS CAUSE coming on to be heard before the undersigned Assistant Clerk of Superior Court, upon the application of Plaintiff Joseph Stanly Jabkiewicz as Administrator of the Estate of Kathleen Marie Jabkiewicz, through counsel, Eric Allen Rogers, Caudle & Spears, P.A., 2600 Interstate Tower, 121 West Trade Street, Charlotte, North Carolina 28202, pursuant to Rule 6(b), for an enlargement of time for Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents served by mail on December 27, 2005; and it appearing for good cause shown that said counsel needs additional time, that such application should be granted, and that the time for responding has not expired.

IT IS, THEREFORE, ORDERED AND DECREED that Plaintiff Joseph Stanly Jabkiewicz as Administrator of the Estate of Kathleen Marie Jabkiewicz shall have through and including the 24th day of February, 2006, within which time to respond or object to the Defendants' First Set of Interrogatories and Requests for Production of Documents.

This the 30 day of December, 2005.

_____
Assistant Clerk of Superior Court

{W0202111-1}