STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG      05-CVS-11118

JOSEPH STANLY JABKIEWICZ, )
Administrator of the ESTATE OF )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ, )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ, )
                                                  )      PLAINTIFFS' MOTION TO
          Plaintiffs,                    )      DETERMINE INSUFFICIENCY
)      OF RESPONSES,
vs.                                                  )      MOTION TO COMPEL, AND
)      MOTION FOR LEAVE TO DIRECT
JOSEPH G. JEMSEK, M.D., )      ADDITIONAL INTERROGATORIES
CHRISTIE ROESKE, R.N.P., and )
THE JEMSEK CLINIC, P.A.; )      [CMPL]
)      [OTHR]
          Defendants. )

Now come the Plaintiffs, pursuant to Rules 33, 36, and 37 of the North Carolina Rules of Civil Procedure, and move the Court: (1) to determine the insufficiency of certain responses by Defendant The Jemsek Clinic, P.A. (the "Jemsek Clinic") to the Plaintiffs' First Request for Admissions (the "Request for Admissions"), (2) to compel the Jemsek Clinic to fully and completely respond to the Plaintiffs' Second Set of Interrogatories (the "Interrogatories"), and (3) should the Court determine that the Plaintiffs have propounded over fifty (50) interrogatories to The Jemsek Clinic, to grant the Plaintiffs leave to do so. In support of their Motions, the Plaintiffs show unto the Court as follows:

## MOTION TO DETERMINE INSUFFICIENCY OF RESPONSES

1. This action arises from the wrongful death of Kathleen Marie Jabkiewicz (the "Decedent"), and asserts claims against the Jemsek Clinic for damages arising from the medical care negligently provided by the Defendants to the Decedent. By its nature, the case involves a number of fact-intensive issues that must be resolved through discovery.

2. Suit was filed by the Plaintiffs on June 29, 2005. The Request for Admissions, a copy of which is attached hereto as Exhibit "A" and incorporated herein

{W0202037-2}

by reference, was filed and served on the Jemsek Clinic contemporaneously with the Complaint and Summons.

3. The Jemsek Clinic obtained an extension of time to respond to the Request for Admissions, up to and including September 29, 2005.

4. On September 29, 2005, the Jemsek Clinic served on the Plaintiffs its Responses to the Request for Admissions. A copy of the Responses to the Request for Admissions is attached hereto as Exhibit "B" and incorporated herein by reference.

5. The Jemsek Clinic's responses to Request for Admissions 43, 44, and 45 are incomplete and evasive, in that they do not fairly meet the substance of the requested admissions, as required by Rule 36(a).

6. Through correspondence dated December 22, 2005, a copy of which is attached hereto as Exhibit "C" and incorporated herein by reference, the Plaintiff's counsel again requested that the Jemsek Clinic respond to the three requests set forth in the preceding paragraph. The Plaintiff's counsel further advised that to the extent that the Jemsek Clinic claimed that any information requested was subject to a qualified privilege, he would work with the Defendants' counsel to resolve those concerns.

7. In response to the above correspondence, counsel for the Defendants again refused to provide the requested information, and asked to be notified of hearing dates for a Motion to Compel. A copy of the December 27, 2005, correspondence from Defendants' counsel is attached hereto as Exhibit "D" and incorporated herein by reference.

8. For the reasons set forth above, the Plaintiffs move the Court for an Order determining that the Jemsek Clinic's responses to Request for Admissions 43, 44, and 45 do not comply with the requirements of Rule 36, and that the matters set forth therein be deemed admitted.

9. In the alternative, the Plaintiffs move the Court for an Order requiring the Jemsek Clinic to serve amended answers which fairly meet the substance of Request for Admissions 43, 44, and 45.

10. Pursuant to Rules 36(a) and 37(a)(4), the Plaintiffs further move the Court to award the Plaintiffs their reasonable expenses incurred in connection with obtaining one of the Orders requested above, including attorney's fees.

11. Based on the above, the undersigned counsel certifies that the Plaintiffs have in good faith conferred with counsel for the Defendants in an effort to secure the information and material requested herein without action from the Court.

## MOTION TO COMPEL

12. The Plaintiffs restate and incorporate by reference the above Paragraphs 1-11, as if fully set forth herein.

13. Based on the number of qualified admissions and denials of the Jemsek Clinic in the responses to the Request for Admissions, the Plaintiffs served the Interrogatories on the Jemsek Clinic on September 29, 2005, in an effort to narrow the issues for trial and determine what issues were disputed by the Jemsek Clinic. A copy of the Interrogatories is attached hereto as Exhibit "E" and incorporated herein by reference.

14. The Jemsek Clinic obtained an extension of time in which to respond to the Interrogatories, requiring such Responses to be served on or before November 28, 2005.

15. On November 28, 2005, the Jemsek Clinic served Responses to the Interrogatories (a copy of which is attached hereto as Exhibit "F" and incorporated herein by reference) and a Motion for Protective Order (a copy of which is attached hereto as Exhibit "G" and incorporated herein by reference).

16. The Interrogatories, like the Request for Admissions, were served in accordance with the Rules of Civil Procedure, and were intended to narrow the factual and legal issues of an otherwise complex case.

17. The Jemsek Clinic denied, without qualification, Request for Admissions 50-53, 62, 64-74, 76-78, 93, 105, 106, 110, 112, 118-121, 125, and 130-142. The Jemsek Clinic served qualified responses to Request for Admissions 1, 2, 4, 6, 8, 9, 11-20, 22, 24-34, 36-39, 46-49, and 122-124. A party must have a basis for denying or failing to fully admit a request for admission, and the Plaintiffs are entitled to know why the Jemsek Clinic has denied or refused to fully admit the above requests.

18. In Exhibit "C," the Plaintiffs' counsel requested that the Defendants' counsel provide full and complete responses to the Interrogatories with respect to the above Requests for Admission. As set forth above and in Exhibit "D," the Defendants' counsel refused, and requested that she be provided with dates for a hearing on a Motion to Compel.

19. The Jemsek Clinic's Motion for Protective Order is misleading, in that it attempts to completely project onto the Plaintiffs its own failure to make a reasonable inquiry into the facts. For example, Request for Admissions 70 and 71 request that the Jemsek Clinic admit that *its own* medical records for the Decedent, that *it* previously produced to the Plaintiffs, are a complete copy of all the Decedent's Jemsek Clinic records, and that no other Jemsek Clinic records exist. The Jemsek Clinic *denied* these Requests, and by objecting to the Interrogatories, refuses to explain why. The Plaintiffs are entitled to know what records, if any, have been withheld by the Jemsek Clinic.

20. The Jemsek Clinic claims that the discovery sought violates the attorney-client privilege, and yet it has not identified the subject communications, documents, and circumstances so that the Court and the Plaintiffs can determine whether any such information is in fact privileged. As set forth above, the Plaintiff's counsel offered to work with the Defendants' counsel to resolve these issues without the necessity of bringing this matter before the Court, but his offer was refused.

21. Although the Jemsek Clinic claims that the Interrogatories seek information beyond the scope of discovery, it has placed these matters directly at issue by denying that the morphine prescribed to the Decedent caused her death, and by denying that the Defendants violated the applicable standard of care for the Decedent's treatment. Therefore, the Interrogatories are reasonable, pertinent, and properly within the scope of discovery, as they are directed towards these matters.

22. Based on the foregoing, the Plaintiffs move the court pursuant to Rule 37 for an Order compelling the Jemsek Clinic to fully, completely, and without objection answer the Interrogatories as they pertain to the Request for Admissions set forth in Paragraph 17 above.

23. Pursuant to Rule 37(a)(4), the Plaintiffs further move the Court to award the reasonable expenses incurred with obtaining the Order requested above, including attorney's fees.

24. Based on the above, the undersigned counsel certifies that the Plaintiffs have in good faith conferred with counsel for the Defendants in an effort to secure the information and material requested herein without action from the Court.

## ALTERNATIVE MOTION FOR LEAVE TO DIRECT ADDITIONAL INTERROGATORIES

25. The Plaintiffs restate and incorporate by reference the above Paragraphs 1-24, as if fully set forth herein.

26. The Jemsek Clinic contends in its Motion for Protective Order that the total number of Interrogatories served by the Plaintiffs exceeds fifty (50). The Plaintiffs view this as a further delay tactic, as there are three separate Defendants in this case, and each is otherwise subject to responding to separate discovery requests. In an effort to streamline the discovery process, the Plaintiffs have directed all discovery to the Jemsek Clinic.

27. If it should be determined that the total number of Interrogatories served by Plaintiffs upon the Jemsek Clinic exceeds fifty (50), which is denied, then the Plaintiffs respectfully move the Court for leave to direct interrogatories to the Jemsek Clinic in excess of the limit identified in Rule 33(a).

WHEREFORE, The Plaintiffs pray that the Court enter an Order: (1) finding that the Jemsek Clinic's responses to certain Request for Admission do not meet the requirements of Rule 36, and finding that the matters set forth therein are deemed admitted (or in the alternative, requiring the Jemsek Clinic to amend its answers thereto), (2) compelling the Jemsek Clinic to fully and completely respond to the Interrogatories, (3) awarding the Plaintiffs their reasonable costs, including attorney's fees, incurred in connection with obtaining these Orders, and (4) should the Court determine that the Plaintiffs have propounded over fifty (50) Interrogatories to the Jemsek Clinic, to grant the Plaintiffs leave to do so.

This the 31st day of December, 2005.

OF COUNSEL:

CAUDLE & SPEARS, P.A.
2600 Interstate Tower
121 West Trade Street
Charlotte, NC 28202
Telephone: 704/ 377-1200
Facsimile: 704/ 338-5858

_____
Harold C. Spears

_____
Eric Allen Rogers
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the pleading or paper to which this certificate is attached was served upon each party to this action by the deposit of a copy thereof enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service for mailing to the following, and by a confirmed telefacsimile transmittal to the attorney of record for each party as evidenced by the attached telefacsimile receipt attachment.

James P. Cooney, III, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

Tricia M. Derr, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

Facsimile Number: 704-343-4868

This the 30 day of December, 2005

Eric Allen Rogers
Attorney for Plaintiffs

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 05-CVS-11118 |

JOSEPH STANLY JABKIEWICZ, )
Administrator of the ESTATE OF )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ, )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ, )
　 )
　　Plaintiffs, )
　 )　　ORDER
vs. )
　 )　　[CMPL] [OTHR]
JOSEPH G. JEMSEK, M.D., )
CHRISTIE ROESKE, R.N.P., and )
THE JEMSEK CLINIC, P.A., )
　 )
　　Defendants. )

THIS MATTER, coming on to be he heard and being heard during the January 9, 2006, Civil Session of the Mecklenburg County Superior Court, and this Court, having considered Plaintiffs' Motion to Determine Sufficiency of Discovery Responses, Plaintiffs' Motion to Compel, and Plaintiffs' Motion for Leave to Direct Additional Interrogatories and further considering Defendants' Motion for Protective Order, hereby grants Plaintiffs' Motion to Compel in part and Motion for Leave to Direct Additional Interrogatories. The Court also grants Defendants' Motion for Protective Order in part. The Court, having considered the arguments of counsel, hereby makes the following findings of fact and conclusions of law:

1.　　This action arises from the wrongful death of Kathleen Marie Jabkiewicz who, by and through her estate, asserts a claim for wrongful death against Joseph G. Jemsek, M.D., Christie Roeske, R.N.P. and The Jemsek Clinic, P.A.

2.　　Suit was filed by Plaintiffs on June 29, 2005, along with Plaintiffs' First Request for Admissions.

3.　　The Jemsek Clinic, by and through counsel, duly served responses to Plaintiffs' First Request for Admissions on September 12, 2005.

{W0202522-1}

4. Plaintiffs, by and through counsel, served Plaintiffs' Second Set of Interrogatories on or about September 29, 2005.

5. On November 29, 2005, the Defendants served objections to the Plaintiffs' Second Set of Interrogatories and also filed a Motion for Protective Order.

6. On December 30, 2005, Plaintiffs filed a Motion to Determine Sufficiency of Defendants' Responses, a Motion to Compel, and an alternative Motion for Leave to Direct Additional Interrogatories.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Defendants' Motion for Protective Order as to Plaintiffs' Second Set of Interrogatories is granted.

2. Plaintiffs' Motion for Leave to Direct Additional Interrogatories to the Defendants is granted. The Interrogatories to the Defendants shall be reasonable in number and specifically pertain to Plaintiffs' First Request for Admissions.

3. Once served, the Defendants shall have thirty (30) days in which to respond to Plaintiffs' Third Set of Interrogatories.

4. The Court is deferring ruling as to Plaintiffs' Motion to Determine Sufficiency of Defendants' Responses to Plaintiffs' First Request for Admissions.

This the 23rd day of January, 2006.

Honorable Forrest D. Bridges
Superior Court Judge Presiding

{W0202522-1}

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG     05-CVS-11118

JOSEPH STANLY JABKIEWICZ, )
Administrator of the ESTATE OF )
KATHLEEN MARIE JABKIEWICZ, and )
JOSEPH STANLY JABKIEWICZ, )
Individually, and as Guardian Ad Litem for )
Minors MATTHEW JOSEPH )
JABKIEWICZ and MICHAEL STEVEN )
JABKIEWICZ, )
                )
      Plaintiffs, )
                )
vs. ) **PLAINTIFF'S VOLUNTARY**
) **DISMISSAL WITHOUT PREJUDICE**
JOSEPH G. JEMSEK, M.D., )
CHRISTIE ROESKE, R.N.P., and )
THE JEMSEK CLINIC, P.A., )
                )
      Defendants. )

The plaintiff Joseph Stanly Jabkiewicz, Individually, and as Guardian Ad Litem for Minors Matthew Joseph Jabkiewicz and Michael Steven Jabkiewicz only, through counsel, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure, hereby gives notice of and takes a voluntary dismissal, without prejudice, of his claims and action against the defendants. This voluntary dismissal, without prejudice, shall not in any manner affect the claims and action of Joseph Stanly Jabkiewicz, Administrator of the Estate of Kathleen Marie Jabkiewicz against the defendants.

This the 23 day of February, 2006.

OF COUNSEL:

CAUDLE & SPEARS, P.A.
121 West Trade Street                        Eric Allen Rogers
2600 Interstate Tower                       Attorney for Plaintiffs
Charlotte NC 28202

{W0204538-1}

## CERTIFICATE OF SERVICE

I hereby certify that the pleading or paper to which this certificate is attached was served upon each party to this action by the deposit of a copy thereof enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service for mailing to the attorney of record for each party at his last known address as follows:

James P. Cooney, III, Esq.
Tricia M. Derr, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037

This the 23 day of February, 2006.

Eric Allen Rogers
Attorney for Plaintiffs

{W0204538-1}                                                2

| | |
|---|---|
| **STATE OF NORTH CAROLINA**<br>Mecklenburg County | FILE NO.   05-CVS-011118<br><br>In The General Court of Justice<br>Superior Court Division |
| JABKIEWICZ,JOSEPH,STANLY<br>JABKIEWICZ,KATHLEEN,MARIE ESTATE OF | |
| VERSUS | **SCHEDULING ORDER** |
| JEMSEK,JOSEPH,G MD<br>ROESKE,CHRISTIE RNP | |

This court hereby enters the following Scheduling Order. This Order is entered under the Chamber's jurisdiction of the Court and without notice or hearing, as neither is necessary. It may be amended after notice and hearing or with a Consent Order.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that

1. The parties shall select and stipulate (Form CCF-13 to a method of alternative dispute resolutions (ADR) within thirty (30) days of the date of this Order. The parties shall be governed by the applicable rules concerning alternative dispute resolution.

2. The deadline for completion of ADR is :   11/10/2006

3. This case is hereby set for trial on:   03/12/2007

4. If parties are entitled to receive a peremptory setting for this cause, then the parties must make such a request (Form CCF-3-Peremptory Setting Request) within thirty (30) days of the date of this Order to the Trial Court Administrator..

The trial date which has been assigned shall be a firm date. Continuances will not be granted even if all parties agree, unless for a crucial cause which could not have been foreseen.

Date:   03/10/2006

Robert P. Johnston
Senior Resident Superior Court Judge

NORTH CAROLINA                                        GENERAL COURT OF JUSTICE
                                                                 SUPERIOR COURT DIVISION

MECKLENBURG COUNTY                                    FILE NO. 05-CVS-011118

JABKIEWICZ,JOSEPH,STANLY
JABKIEWICZ,KATHLEEN,MARIE ESTATE OF

## ORDER FOR ALTERNATIVE DISPUTE RESOLUTION

v.

JEMSEK,JOSEPH,G MD
ROESKE,CHRISTIE RNP

IT IS HEREBY ORDERED that this case be referred to the following alternative dispute resolution procedure, which shall proceed in accordance with the Rules indicated below:

☐ Early Neutral Evaluation      ☐ Arbitration      ☐ Other _____

☐ Summary Jury Trial             ☒ Mediated Settlement Conference

The alternative dispute resolution procedure designated above shall be completed by    11/10/2006.

Final trial date assigned     03/12/2007.

Within twenty-one (21) days after the date of this Order, the parties may, by agreement, select a certified mediator or nominate a non-certified mediator to conduct their mediated settlement conference. Within twenty-one (21) days after the date of this Order, the plaintiff or plaintiff's attorney shall notify the Court of the selection of a certified mediator or the nomination of a non-certified mediator, or the failure of the parties to agree on a mediator. Notice shall be on form AOC-CV-812 and **shall be given to <u>Karen Sisk, Alternative Dispute Resolution Coordinator</u> in the Trial Court Administrator's Office with the original, one copy and a self addressed stamped envelope.**

A mediator selected by agreement of the parties shall be compensated at a rate agreed upon between the mediator and the parties. **If the parties select their own mediator, they shall notify that individual prior to submitting the designation of mediator to the court.**

**A court-appointed mediator shall be compensated at the rate of $125 per hour for time spent in the mediated settlement conference, to be billed in quarter hour segments. In addition, a one time $125 administrative fee shall be paid pursuant to Rule 7.B. The conference fee shall be paid as provided for in Rule 7.F. Court appointed mediators may not charge parties for travel time, mileage, or any other out-of-pocket expenses associated with the court ordered mediation.**

All persons required by Rule 4.A (1) to attend the conference shall be physically present unless such physical presence is excused pursuant to the agreement of all parties and persons required to attend and the mediator or by an order of the Senior Resident Superior Court Judge, upon motion of a party and with notice to all parties and persons required to attend and the mediator.

The mediator shall schedule the date, time and location of the conference and timely notify all attorneys and unrepresented parties. The conference shall be completed by the deadline for completion set forth above and the mediator shall report the results on form AOC-CV-813 to the Court within ten (10) days after the conference is completed.

Date: 3/30/2006

DERR,TRICIA,MORVAN
301 S COLLEGE ST, SUITE 3500
CHARLOTTE, NC 28202-6037

Robert P. Johnston
Senior Resident Superior Court Judge

FORM NO. CCF-14 *Rev. 3/00 Laser: g:\ccf14rvl*    Original-File    Copy-Plaintiff    Copy-Defendant