# STATE OF NORTH CAROLINA

| | File No. |
|---|---|
| Mecklenburg _____ County | 05CVS011118 |

In The General Court Of Justice
Superior Court Division

| Name of Plaintiff(s) |
|---|
| Joseph Stanly Jabkieweicz, et al. |

| Name And Address of Plaintiff's Attorney (Or Pro Se Plaintiff) |
|---|
| Harold C. Spears/Eric A. Rogers |
| 121 W. Trade Street, Suite 2600 |
| Charlotte, NC  28202 |

| Telephone No. |
|---|
| 704-377-1200 |

**VERSUS**

| Name of Defendant(s) |
|---|
| Jemsek, et al. |

| Name And Address of Defendant's Attorney (Or Pro Se Defendant) |
|---|
| Tricia M. Derr/James P. Cooney III |
| 301 S. College Street, Suite 3500 |
| Charlotte, NC  28202-6037 |

| Telephone No. |
|---|
| 704-331-4900 |

## DESIGNATION
## OF
## MEDIATOR

---

**Notice:**
Plaintiff's attorney should check and fill out
only one of the three Sections, sign on the reverse,
and return to the Senior Resident Superior Court Judge
within 21 days after the date of the Order for
Mediated Settlement Conference.

G.S. 7A-38.1; Rules of Mediated Settlement Conference

Deadline For Completion of Mediated Settlement Conference (for court use only)

☒ **SECTION 1- NOTICE OF SELECTION OF CERTIFIED MEDIATOR BY AGREEMENT.**

The above named case was referred to a mediated settlement conference. The parties have selected the mediator named below who has agreed to serve in this case and is certified pursuant to the Rules Of Mediated Settlement Conferences.

| Name And Address of Certified Mediator |
|---|
| Wayne P. Huckel, Esq. |
| 214 North Tryon Street, Suite 4700 |
| Charlotte, NC  28202 |

| Telephone No. |
|---|
| 704-331-7400 |

The parties and the mediator have agreed upon the mediator's rate of compensation as follows: *(specify all terms of the compensation agreement.)*

$290.00 per hour; Administrative Fee of $150.00 ($75.00 per party)

☐ **SECTION 2 – NOMINATION OF NON-CERTIFIED MEDIATOR**

The above named case was referred to a mediated settlement conference. The parties nominate the non-certified mediator named below to conduct the mediated settlement conference. The mediator has agreed to serve and has agreed to mediate indigent cases without pay.

| Name And Address of Non-Certified Mediator |
|---|
| |

| Telephone No. |
|---|
| |

The parties petition the Court to approve the nomination and represent that the mediator is qualified to mediate this case by virtue of the following training, experience or other qualifications:

The parties and the mediator have agreed upon the mediator's rate of compensation as follows: *(specify all terms of the compensation agreement.)*

AOC-CV-812, Rev. 3/99
1999 Administrative Office of the Courts

Original-File   Copy-Senior Resident Superior Court Judge
Copy-Plaintiff   Copy-Defendant   Copy-Mediator
(Over)

WCSR 2271625v1

☐ **SECTION 3 – MOTION FOR COURT APPOINTMENT OF MEDIATOR**

The above named case was referred to a mediated settlement conference.

After a full and frank discussion, the parties have been unable to agree upon the selection of a mediator.

Pursuant to Rule 2 (c) of the Rules of Mediated Settlement Conferences, the parties move the Senior Resident Superior Court Judge to note the preferences of the parties set forth below and to appoint a certified mediator to conduct the mediated settlement conference:

☐ One or more parties prefer the appointment of a certified <u>attorney</u> mediator.

☐ All parties to the action prefer the appointment of a certified <u>non-attorney</u> mediator.

☐ The parties have no preference as to whether the certified mediator appointed is an attorney or a non-attorney.

| SIGNATURE | | |
|---|---|---|
| Date<br>April 7, 2006 | Name of Plaintiff's Attorney  (Or Pro Se Plaintiff)<br>Tricia M. Derr on behalf of Harold C. Spears | Signature of Plaintiff's Attorney (Or Pro Se Plaintiff) |

| ORDER OF APPOINTMENT |
|---|

☐ 1.   The nomination of the non-certified mediator named in Section 2 above is  ☐ approved and the mediator is authorized to conduct the settlement.   ☐ disapproved.
**(NOTE:** *Upon disapproval, the parties may select another mediator and report the selection to the Court within twenty-one (21) days of this Order.)*

☐ 2.   The parties having reported their failure to agree upon the selection of a mediator, or the parties having failed to notify the Court of their selection or nomination of a mediator within twenty-one (21) days after this case was ordered to mediation, the Court appoints the following certified mediator to conduct the mediated settlement conference.

| Name And Address of Mediator | |
|---|---|
| | Telephone No. |

**NOTICE TO MEDIATOR:** *The mediator shall be responsible for reserving a place and making arrangements for the conference and giving timely notice to all attorneys and unrepresented parties of the time and location of the conference. The mediated settlement conference shall be completed by the completion deadline set forth above, and the mediator shall report the results of the conference to the Court within ten (10) days after the conference is completed.*

| Date | Name of Senior Resident Superior Court Judge (Type or Print) | Signature of Senior Resident Superior Court Judge |
|---|---|---|
| | | |

| TENTATIVE CALENDARING NOTICE |
|---|

*[This section is optional, to be used at the discretion of the Senior Resident Superior Court Judge; however, mediated settlement shall not delay other proceedings, including trial (Rule3E).]*

Parties are notified of the following tentative calendaring schedule adopted by the Court. Final calendar notices will be provided through a published calendar, should settlement not be reached.

| Tentative Date For Hearing of Motion | Tentative Trial Date |
|---|---|
| | |

AOC-CV-812, Side Two, Rev. 3/99

WCSR 2271625v1

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CvS 11118

JOSEPH STANLY JABKIEWICZ,
Administrator of the Estate of Kathleen
Marie Jabkiewicz, and JOSEPH STANLY
JABKIEWICZ, Individually and as
Guardian Ad Litem for Minors, MATTHEW
JOSEPH JABKIEWICZ and MICHAEL
STEVEN JABKIEWICZ,

Plaintiffs,

vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE
ROESKE, R.N.P., and THE JEMSEK
CLINIC, P.A.,

Defendants.

**DISCOVERY ORDER**

FILED
MECKLENBURG COUNTY, C.S.C.
2006 MAY -5 PM 3:38
BY

THIS MATTER came on for a discovery conference before the undersigned presiding Superior Court Judge at the January 9, 2006, Civil Motions session of the General Court of Justice for Mecklenburg County; pursuant to N.C.G.S. §1A-1, Rule 26(f1), with the parties appearing through counsel of record. This Court has reviewed the record and having considered the arguments of counsel is of the opinion and hereby finds that this is an action alleging medical malpractice within the meaning of N.G.G.S. §90-21.11; that complex medical issues concerning the standards of care for medical specialties and issues of causation are involved which will require the testimony of expert witnesses and that it would be in the best interest of justice for a Discovery Scheduling Order to be entered. Therefore, the Court finds that the following Discovery Order is just and reasonable and hereby enters the following in this case:

CHARLOTTE 440228v2

1.    On or before April 15, 2006, the Defendants shall make available at mutually convenient times and places the named Defendants involved in the care and treatment of the decedent.   The Plaintiffs shall be permitted to conduct discovery of employees or agents of the named Defendants throughout the period of discovery at mutually convenient times and places.

2.    On or before May 15, 2006, the Plaintiffs shall identify any and all expert witnesses whom they may call to testify at trial.  The identification of such experts shall be in the form of either supplemental interrogatory responses, or in the form of a designation of experts, pursuant to N.C.G.S. §1A-1, Rule 26(b)(4).  Plaintiffs shall serve the opposing parties with a written statement of

(a) the name and address of the expert;

(b) a summary of his qualifications;

(c) the subject matter on which the expert is expected to testify;

(d) a summary of the facts and opinions to which the expert is expected to testify; and

(e) a summary of the grounds for each opinion.

3.    Between May 15 and July 15, 2006, the Plaintiffs shall make available at mutually convenient times and places the expert witnesses identified in paragraph 2 *supra*.

4.    On or before July 15, 2006, the Defendants shall identify any and all expert witnesses whom they may call to testify at trial.  The identification of such experts shall be in the form of either supplemental interrogatory responses, or in the

2

form of a designation of experts, pursuant to N.C.G.S. §1A-1, Rule 26(b)(4).
Defendants shall serve the opposing parties with a written statement of

       (a) the name and address of the expert;

       (b) a summary of his qualifications;

       (c) the subject matter on which the expert is expected to testify;

       (d) a summary of the facts and opinions to which the expert is
expected to testify; and

       (e) a summary of the grounds for each opinion.

5.    Between July 15 and September 15, 2006, the Defendants shall make available at mutually convenient times and places the expert witnesses identified in paragraph 4 *supra*.

6.    On or before September 15, 2006, the Plaintiffs may identify additional expert witnesses whom they may call to rebut the opinions expressed by Defendants' experts and shall serve upon Defendants the information required in paragraph 2 *supra*.

7.    Between September 15 and October 31, 2006, the Plaintiffs shall make available at mutually convenient times and places the expert witnesses identified in paragraph 6 *supra*.

8.    On or before November 1, 2006, the Defendants may identify additional experts to rebut the opinions expressed by the Plaintiffs' rebuttal experts and shall serve upon Plaintiffs the information required in paragraph 4 *supra*. In no event, however, can Defendants identify more experts under this paragraph than the number of experts identified by the Plaintiffs under paragraph 6 *supra*.

CHARLOTTE 440228v2

9.      Between November 1 and December 15, 2006, the Defendants shall make available at mutually convenient times and places the expert witnesses identified in paragraph 8 *supra*.

10.     On or before January 15, 2007, any of the parties may for good cause shown and in the interest of justice move the Court for the right to identify additional expert witnesses.  If a Motion is made by a party, and granted by the Court, the opposing party shall be permitted to apply for and receive the right to identify additional expert witnesses provided that the number so identified cannot exceed the number permitted by the Court.

11.     Any witness not identified in accordance with the terms and conditions of this Order shall not be permitted to testify at a trial in this case, except upon consent of the parties, or upon Order of the Court.

12.     The deposition of an expert taken pursuant to this Order shall be used in accordance with the Rules of Civil Procedure except that a deposition may not be used in lieu of the expert's appearance at trial unless the party seeking to use the deposition in lieu of the expert's appearance gives ten (10) days written notice to the opposing party of the intent to use the deposition for trial.  In the event a deposition is to be used for trial, the party seeking to take a discovery deposition shall be permitted to take a discovery deposition prior to the "for trial" deposition. Nothing in this paragraph shall in any way limit the ability of the parties to utilize the deposition of an expert for impeachment or cross-examination purposes, in accordance with the North Carolina Rules of Civil Procedure.

4

13.   A party desiring to depose another party's expert witnesses shall pay the expert a reasonable hourly rate for the expert's time testifying at the deposition. An estimate of such expenses shall be provided upon a written request by the opposing party in advance of the scheduled deposition.   Such fee shall include only that time spent in deposition or traveling to the deposition.   In the event of any dispute or disagreement concerning the reasonable hourly rate for an expert's deposition, the deposition shall be taken, and thereafter, the Court, upon motion, shall establish a reasonable hourly rate for the expert's time testifying at the deposition. All payments to expert witnesses shall be made within thirty (30) days of the receipt of billing absent a dispute concerning billing.   A dispute concerning billing shall arise upon the filing of a Motion seeking the Court's determination of the reasonable charges for the deposition.

14.   At the request of any party, the deposition of any expert witness who resides outside Mecklenburg County may be taken by video-conference deposition, and in the event of such a request, the party offering the expert will use every reasonable effort to make the expert available for a video-conference deposition.   The party seeking to utilize videoconferencing shall be responsible for arranging for these services.   Any party desiring to be present at the witness' location to examine the witness in person, rather than by video-conference, may be permitted to do so.  Unless otherwise agreed, the video-conference location shall be within 25 miles of the witness' residence or place of work.  The court reporter who administers the oath and records the testimony of the witness shall do so in the physical presence of the witness, not by remote connection.   A stenographic and/or videotaped record shall be made.   All

CHARLOTTE 440228v2

charges relating to the use of video-conferencing equipment shall be borne equally by only those parties appearing by video-conference.

15.    All discovery in this case, except requests for admissions and any remaining expert depositions, shall end by February 1, 2007, unless an application is made for additional experts under paragraph 10 *supra*. If an application for additional experts is made, then all discovery as provided for in this paragraph shall end thirty (30) after the deposition of the last identified expert in this case or, if the application is denied, then thirty (30) days after the denial of the application. This case shall be set peremptorily for trial on March 12, 2007.

16.    The parties agree to participate in a mediated settlement conference no later than December 31, 2006.

17.    The parties may, by agreement, modify or alter any of the dates set forth in this Order except the date set for trial. The pendency of discovery shall not be adequate grounds for a continuance of this case from a trial calendar.

18.    This Order is also a Qualified Protective Order that complies with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and specifically 45 CFR §164.512. This Court further Orders, based upon the filing of this claim for medical malpractice and with the consent of the Parties, that all medical records in this matter relating to Kathleen Marie Jabkiewicz may be transmitted to or shared with the Parties, attorneys for the parties, employees of attorneys for the parties, court personnel including jurors to the extent required by hearings or trial, and any third person retained or consulted by the Parties or their attorneys in connection with the issues in the case without the necessity of securing any

6

CHARLOTTE 440228v2

consent or waiver under State or Federal law, including without limitation HIPAA. At the conclusion of this matter, the Parties shall take all necessary and reasonable steps to destroy and/or collect all medical records in this matter to prevent further dissemination, other than those records that may have been deposited with the Court.

19.    All dispositive motions shall be served on or before ninety (90) days before trial and heard as soon as practicable thereafter, and in no event later than thirty (30) days before trial.

This the _5_ day of __May__, 2006.

_____
Superior Court Judge Presiding


WE CONSENT:

_____
Harold C. Spears
Eric Allen Rogers
Attorneys for the Plaintiffs


_____
James P. Cooney III
Attorney for Defendants

7

CHARLOTTE 440228v2

STATE OF NORTH CAROLINA      FILED      IN THE GENERAL COURT OF JUSTICE
                                                     SUPERIOR COURT DIVISION
MECKLENBURG COUNTY    06 MAY 31 PM 2: 12      05 CvS 11118

JOSEPH STANLY JABKIEWICZ, MECKLENBURG CO., C.S.C.
Administrator of the Estate of Kathleen Marie
Jabkiewicz, and JOSEPH STANLY
JABKIEWICZ, Individually and as Guardian
Ad Litem for Minors, MATTHEW JOSEPH
JABKIEWICZ and MICHAEL STEVEN            **AMENDED CONSENT**
JABKIEWICZ,                                                      **DISCOVERY ORDER**

                              Plaintiffs,

          vs.

JOSEPH G. JEMSEK, M.D., CHRISTIE
ROESKE, R.N.P., and THE JEMSEK
CLINIC, P.A.,

                              Defendants.

          THE PARTIES, pursuant to N.C.G.S. 51A-I, Rule 26(f)(1), consent to the entry of an

Amended Discovery Order in this case. It appears to the Court that this is an action for medical

malpractice involving claims by the Plaintiffs against the Defendants; that complex medical-

legal issues will be involved in this case; that there will be the necessity for expert testimony on

the issues of standard of care, causation and damages and that the parties have consented to the

entry of this Amended Discovery Order based on the previously entered Discovery Order.

Therefore, the Court hereby enters the following Amended Discovery Order in this case:

          1. On or before August 1, 2006, the Defendants shall make available at mutually

convenient times and places the named Defendants involved in the care and treatment of the

decedent. The Plaintiffs shall be permitted to conduct discovery of employees or agents of the

[W0208074-1 ]

named Defendants throughout the period of discovery at mutually convenient times and places.

2. On or before August I, 2006, the Plaintiffs shall identify any and all expert witnesses whom they may call to testify at trial. The identification of such experts shall be in the form of either supplemental interrogatory responses, or in the form of a designation of experts, pursuant to N.C.G.S. SIA-I, Rule 26(b)(4). Plaintiffs shall serve the opposing parties with a written statement of

    (a) the name and address of the expert;

    (b) a summary of his qualifications;

    (c) the subject matter on which the expert is expected to testify;

    (d) a summary of the facts and opinions to which the expert is expected to testify; and

    (e) a summary of the grounds for each opinion.

3. Between August 1 and October I, 2006, the Plaintiffs shall make available at mutually convenient times and places the expert witnesses identified in paragraph 2 *supra*.

4. On or before October I, 2006, the Defendants shall identify any and all expert witnesses whom they may call to testify at trial. The identification of such experts shall be in the form of either supplemental interrogatory responses, or in the form of a designation of experts, pursuant to N.C.G.S. SIA-I, Rule 26(b)(4). Defendants shall serve the opposing parties with a written statement of

    (a) the name and address of the expert;

    (b) a summary of his qualifications;

{W0208074-1 }

(c) the subject matter on which the expert is expected to testify;

(d) a summary of the facts and opinions to which the expert is expected to testify; and

(e) a summary of the grounds for each opinion.

5.    Between October 1 and December 1, 2006, the Defendants shall make available at mutually convenient times and places the expert witnesses identified in paragraph 4 *supra*.

6.    On or before December 15, 2006, the Plaintiffs may identify additional expert witnesses whom they may call to rebut the opinions expressed by Defendants' experts and shall serve upon Defendants the information required in paragraph 2 *supra*.

7.    Between December 15, 2006 and January 15, 2007, the Plaintiffs shall make available at mutually convenient times and places the expert witnesses identified in paragraph 6 *supra*.

8.    On or before February 1, 2007, the Defendants may identify additional experts to rebut the opinions expressed by the Plaintiffs' rebuttal experts and shall serve upon Plaintiffs the information required in paragraph 4 *supra*. In no event, however, can Defendants identify more experts under this paragraph than the number of experts identified by the

9.    Between February 1, 2007 and March 1, 2007, the Defendants shall make available at mutually convenient times and places the expert witnesses identified in paragraph 8 *supra*.

10.    On or before March 15, 2007, any of the parties may for good cause shown and in

the interest of justice move the Court for the right to identify additional expert witnesses. If a

Motion is made by a party, and granted by the Court, the opposing party shall be permitted to

apply for and receive the right to identify additional expert witnesses provided that the number

so identified cannot exceed the number permitted by the Court.

11.    Any witness not identified in accordance with the terms and conditions of this

Order shall not be permitted to testify at a trial in this case, except upon consent of the parties, or

upon Order of the Court.

12.    The deposition of an expert taken pursuant to this Order shall be used in

accordance with the Rules of Civil Procedure except that a deposition may not be used in lieu of

the expert's appearance at trial unless the party seeking to use the deposition in lieu of the

expert's appearance gives ten (10) days written notice to the opposing party of the intent to use

the deposition for trial. In the event a deposition is to be used for trial, the party seeking to take a

discovery deposition shall be permitted to take a discovery deposition prior to the "for trial"

deposition. Nothing in this paragraph shall in any way limit the ability of the parties to utilize the

deposition of an expert for impeachment or cross-examination purposes, in accordance with the

North Carolina Rules of Civil Procedure.

13.    A party desiring to depose another party's expert witnesses shall pay the expert a

{W0208074-1 }

reasonable hourly rate for the expert's time testifying at the deposition. An estimate of such expenses shall be provided upon a written request by the opposing party in advance of the scheduled deposition. Such fee shall include only that time spent in deposition or traveling to the deposition. In the event of any dispute or disagreement concerning the reasonable hourly rate for an expert's deposition, the deposition shall be taken, and thereafter, the Court, upon motion, shall establish a reasonable hourly rate for the expert's time testifying at the deposition. All payments to expert witnesses shall be made within thirty (30) days of the receipt of billing absent a dispute concerning billing. A dispute concerning billing shall arise upon the filing of a Motion seeking the Court's determination of the reasonable charges for the deposition.

14.    At the request of any party, the deposition of any expert witness who resides outside Mecklenburg County may be taken by video-conference deposition, and in the event of such a request, the party offering the expert will use every reasonable effort to make the expert available for a video-conference deposition. The party seeking to utilize videoconferencing shall be responsible for arranging for these services. Any party desiring to be present at the witness' location to examine the witness in person, rather than by video-conference, may be permitted to do so. Unless otherwise agreed, the video-conference location shall be within 25 miles of the witness' residence or place of work. The court reporter who administers the oath and records the testimony of the witness shall do so in the physical presence of the witness, not by remote connection. A stenographic and/or videotaped record shall be made. All charges relating to the use of video-conferencing equipment shall be borne equally by only those parties appearing by video-conference.

{W0208074-1 }

15.    All discovery in this case, except requests for admissions and any remaining
expert depositions, shall end by April 1, 2007, unless an application is made for additional
experts under paragraph 10 *supra*. If an application for additional experts is made, then all
discovery as provided for in this paragraph shall end thirty (30) after the deposition of the last
identified expert in this case or, if the application is denied, then thirty (30) days after the denial
of the application. This case shall be set peremptorily for trial on July 9, 2007.

16.    The parties agree to participate in a mediated settlement conference no later than
December 31, 2006.

17.    The parties may, by agreement, modify or alter any of the dates set forth in this
Order except the date set for trial. The pendency of discovery shall not be adequate grounds for a
continuance of this case from a trial calendar.

18.    This Order is also a Qualified Protective Order that complies with the
requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and
specifically 45 CFR § 164.512. This Court further Orders, based upon the filing of this claim for
medical malpractice and with the consent of the Parties, that all medical records in this matter

{W0208074-1 }

relating to Kathleen Marie Jabkiewicz may be transmitted to or shared with the Parties, attorneys

for the parties, employees of attorneys for the parties, court personnel including jurors to the

extent required by hearings or trial, and any third person retained or consulted by the Parties or

their attorneys in connection with the issues in the case without the necessity of securing any

consent or waiver under State or Federal law, including without limitation HIPAA. At the

conclusion of this matter, the Parties shall take all necessary and reasonable steps to destroy

and/or collect all medical records in this matter to prevent further dissemination, other than those

records that may have been deposited with the Court.


19.    All dispositive motions shall be served on or before ninety (90) days

before trial and heard as soon as practicable thereafter, and in no event later than sixty (60) days

before trial.

This the 30 day of _____May_____, 2006.

_____
Superior Court Judge Presiding

WE CONSENT:

_____
Harold C. Spears

_____
Eric Allen Rogers
Attorneys for the Plaintiffs

_____
James P. Cooney, III
Attorney for Defendants

{W0208074-1 }

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 05 CVS 11118

JOSEPH STANLY JABKIEWICZ,               )
Administrator of the ESTATE OF          )
KATHLEEN MARIE JABKIEWICZ, and          )
JOSEPH STANLY JABKIEWICZ,               )
Individually , and as Guardian Ad Litem for )
Minors, MATTHEW JOESEPH                 )        **NOTICE OF APPEARANCE**
JABKIEWICZ and MICHAEL STEVEN           )
JABKIEWICZ                              )
                    Plaintiffs,         )
                                        )
                                        )
            v.                          )
                                        )
JOSEPH G. JEMSEK, M.D.,                  )
CHRISTIE ROESKE, R.P.N., and            )
THE JEMSEK CLINIC,                      )
                                        )
                    Defendants.         )
                                        )

        NOW COMES the undersigned counsel and requests that this Court and all parties and

other recipients please TAKE NOTICE that Gregory M. Kash, Esq. is hereby appearing as

counsel for Plaintiffs in the above-referenced action, along with Caudle & Spears, P.A. The

undersigned counsel hereby requests copies of all future notices, pleadings, correspondence and

other documents to be served upon said Plaintiff, hereafter be served on the undersigned, in

addition to Caudle & Spears, P.A., as addressed below.

Dated this ___ day of August 1, 2006.

                    **LAW OFFICE OF GREGORY M. KASH**


                    _____
                    GREGORY M. KASH
                    Attorney for Plaintiffs
                    N.C. State Bar # 14203
                    434 Fayetteville Street, Suite 2350
                    Two Hannover Square
                    Raleigh, North Carolina 27601
                    Telephone:  (919) 861-2006
                    Fax:  (919) 861-0170

2

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the forgoing **Notice of**

**Appearance** in the above-captioned action on all parties to this cause by depositing a copy

hereof, postage prepaid, in the United States mail, addressed to the attorney for said parties as

follows:

> James P. Cooney, III, Esq.
> Tricia Morvan Derr, Esq.
> Womble Carlyle Sandridge & Rice, PLLC
> One Wachovia Center, Suite 3500
> 301 South College Street
> Charlotte, North Carolina 28202-6037

This the 15 day of August, 2006.

LAW OFFICES OF GREGORY M. KASH

GREGORY M. KASH
Attorney for Plaintiffs
N.C. State Bar # 14203
434 Fayetteville Street, Suite 2350
Two Hannover Square
Raleigh, North Carolina 27601
Telephone:    (919) 861-2006
Facsimile:    (919) 861-0170

3